UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY WEBB, ET AL                             CIVIL ACTION NO. 19-cv-1265

VERSUS                                           JUDGE DONALD E. WALTER

RICKY MORROW, ET AL                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Anthony and Judy Webb filed this civil action in state court for damages arising out of a motor vehicle accident. Defendants Starr Indemnity & Liability Company and Joe Tex Xpress removed the suit to this federal court based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The allegations contained in the notice of removal are adequate to show diversity of citizenship of the parties. However, before the court makes a finding of subject matter jurisdiction, it would be preferable if the removing defendants provided more facts to show that the amount in controversy requirement is met.

The original petition filed in state court alleges that the accident occurred at or near the exit from a Wal-Mart parking lot. Anthony Webb states that he was at a complete stop in his car, waiting for traffic to clear so that he could pull out onto Youree drive, when the defendant driver "drove the big truck that he was operating into the rear of the motor vehicle operated by petitioner." Mr. Webb alleges that, as a result of the accident, he sustained "severe and excruciating injuries to his head, neck, back" and other parts of his

body. He asserts claims for past and future economic damages, including lost wages, lost economic opportunity, lost earning capacity, and lost household services. Judy Webb is also listed as a plaintiff and she claims to have suffered loss of consortium, service and society damages as a result of the accident.[1] The petition alleges that the damages suffered by Plaintiffs exceed $50,000, the amount required to permit a jury trial in state court.

This court has noted that virtually every personal injury petition filed in state and city courts alleges, severe, disabling, or permanent injuries, even when only mild soft tissue injuries are at stake. The same is true with respect to the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. Nordman v. Kansas City Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018). If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable. Id.

In order to help the court determine whether subject matter jurisdiction is present in this case, the removing defendants should amend their notice of removal to set forth more

---

[1] The claims brought by Mr. and Mrs. Webb may not be aggregated to reach the amount. Eagle Star Ins. Co. v. Maltes, 313 F.2d 778, 779 n. 3 (5th Cir.1963); Loftin v. Hughes, 2014 WL 3893313, *2 n. 34 (E.D. La. 2014). If, however, the apparently larger claim of Mr. Webb were found to satisfy the amount in controversy, the court could exercise supplemental jurisdiction over Mrs. Webb's consortium claim. Daigle v. Borden Chemical, Inc., 2003 WL 22671726, *3 (E.D. La. 2003).

specific facts regarding the amount in controversy. Relevant facts may include the nature and extent of Mr. Webb's injuries, whether he was hospitalized, the amount of any medical bills, whether surgery is required, the amount of any pre-suit settlement demands, and the like. The amended notice of removal is due by **October 17, 2019**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of October, 2019.

Mark L. Hornsby
U.S. Magistrate Judge